The Full Commission has reviewed the Opinion and Award of Deputy Commissioner Holmes based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. Defendant is self insured with IHDS Corporation as its Servicing Agent.
4. The parties entered into a Form 21 Agreement on September 23, 1997. The Form 21 reflects plaintiff's average weekly wage as $288.00, resulting in a compensation rate of $192.00 per week.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked as a stock replenisher for K-Mart beginning in September 1994. Her job involved transferring stock to retail store shelves.
2. On Thursday, December 19, 1996 about 10:30 p.m., plaintiff was hit in her back and left foot by cases of motor oil falling from overhead shelves. Plaintiff hoped her back and foot pain would go away, but it worsened. She also developed a limp and sometimes her left foot went numb. Plaintiff's claim was accepted as compensable pursuant to a Form 21 Agreement filed with and approved by the Industrial Commission on September 26, 1997.
3. After initial treatment beginning February 11, 1997 by Dr. Alien Forshey, plaintiff was referred to Dr. H. J. Schulten, a board certified orthopaedic surgeon. After a bone scan and EMG, and after conservative treatment with physical therapy did not help, Dr. Schulten performed surgery October 28, 1997 for left tarsal tunnel syndrome caused by the injury.
4. Plaintiff also developed RDS/chronic pain syndrome and psychological problems from the injury at work. After the foot surgery, plaintiff; was treated with muscle relaxers. Dr. Schulten recommended a sympathetic/spinal block, which defendant would not approve. Defendant sent plaintiff to Dr. Thomas Ray on December 30, 1997. He prescribed a pain clinic.
5. Defendant next sent plaintiff to Dr. Anthony Wheeler, a neurologist in Charlotte, on June 25, 1998. In turn, Dr. Daniel Gooding, also in Charlotte, performed a differential spinal block such as Dr. Schulten had earlier recommended. Defendant then sent plaintiff to Mid-Atlantic Pain Clinic in Charlotte during the period October 5, 1998 through November 2, 1998. At the pain clinic, plaintiff received physical therapy and biofeedback. However, at the end of the clinic, plaintiff was actually taking more pain medicine than at the beginning of the clinic. Plaintiff had pain at 7 on a scale of 10 at the end of the clinic.
6. Plaintiff attempted to return to work four hours a day at K-Mart as a telephone communications associate from November 5, 1998 through November 11, 1998, but had a recurrence of severe pain. The communication associate job, as acknowledged by defendant, was specially created and modified for this employee and was not otherwise available in the economy. It thus was a make-work job. It was unknown if the modified make-work job for this employee would or would not be permanent.
7. When plaintiff experienced a recurrence of severe pain, she and her husband attempted to reach Dr. Wheeler several days without success. Because of the intense pain, plaintiff began seeing Dr. Schulten again on November 13, 1998. Dr. Schulten was alarmed by plaintiff's apparent degree of pain.
8. Dr. Schulten prescribed conservative treatment with physical therapy through March 1999 and a Tens Unit. Plaintiff asked the Industrial Commission to approve her treatment by her December 9, 1998 Request For Hearing. Dr. Schulten's treatment was designed to effect a cure, lessen the period of disability and provide relief from pain.
9. When Dr. Wheeler saw plaintiff again on December 2, 1999, he again prescribed Hydrocodone for pain, Doxeprin for sleep, and continued, probably permanent, use of an air splint for plaintiff's foot.
10. Dr. Leslie Phillips, a psychologist at the pain clinic, also saw plaintiff again on December 2, 1998. Dr. Phillips recommended additional psychological treatment to try to reduce plaintiff's emotional and psychological factors caused by her injury and resulting chronic pain. Dr. Wheeler overruled Dr. Phillips' recommendations.
11. Dr. Wheeler has prohibited plaintiff from returning to her original job of stock replenisher. He rated plaintiff on November 2, 1998 at 15% left leg and 5% back from the injury.
12. Although both Dr. Wheeler and Dr. Schulten expressed the opinion that plaintiff was capable of returning to gainful employment in a sedentary-type position, no showing has been made that a job exists that plaintiff could perform or that she would be able to get any such job.
13. Plaintiff is in need of further treatment at a pain clinic other than Dr. Wheeler's. Plaintiff is also in need of additional psychological treatment to try to reduce plaintiff's emotional and psychological factors caused by her injury and resulting chronic pain. Plaintiff has not yet reached maximum medical improvement.
 ***********
Based upon the foregoing findings of fact and conclusions of law the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. Once a Form 21 payable during disability is approved by the Industrial Commission a presumption arises that the injured worker remains disabled until the employee returns to work at wages equal to those he was receiving at the time the injury occurred. Watkins v. Central Motor Lines, 279 N.C. 132, 181 S.E.2d 588 (1971).
2. Plaintiff was not obligated to accept the modified Communication Associate job, which had been specially modified for her, and was not otherwise available in the economy. Peoples v. Cone Mills Corp.,316 N.C. 426, 342 S.E.2d 798 (1986). The employer may not rebut the presumption of continuing disability by showing that the employee is capable of earning pre-injury wages in a temporary position or by creating a position within the employer's own company that is not ordinarily in the competitive job market, because such positions do not accurately reflect the employee's capacity to earn wages. Stamey v. North Carolina Self-Insurance Guar. Ass'n, 131 N.C. App. 662, 507 S.E.2d 596
(1998).
3. Where the injured worker has not reached maximum medical improvement and is capable only of sedentary employment, in order to rebut the presumption of continuing disability the employer must prove that a job fitting employee's restrictions was available and that the employee was capable of getting it. Here the employer failed in this effort.
4. Employee's request for treatment by Dr. Schulten was timely made, was reasonable and should be approved. Employee's compensable injuries require continuing medical treatment including treatment at a pain clinic other than Dr. Wheeler's. Plaintiff is also in need of additional psychological treatment to try to reduce plaintiff's emotional and psychological factors caused by her injury and resulting chronic pain. N.C. Gen. Stat. 97-25 and 97-25.1.
5. Under the circumstances of this case the employee is entitled to continuing compensation at the rate of $191.00 per week until she returns to work or until a suitable job is offered to her.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff compensation of $191.00 per week until further order of the Industrial Commission or until she returns to work or a suitable job is offered to her. Defendant shall pay compensation that has accrued in a lump sum subject to attorney fees set forth below. Defendant shall pay interest at 8% on outstanding amounts from the date of the hearing before the Deputy Commissioner. After the lump sum has been paid defendant shall pay plaintiff compensation at the rate of $191.00 per week until further order of the Industrial Commission, subject to attorney fees set forth below.
2. Plaintiff's treatment by Dr. Schulten is approved and defendant shall reimburse plaintiff for any medical payments heretofore made and shall pay for all compensable injury related medical treatment that has not been paid. Defendant shall continue to pay for treatment as it occurs.
3. Defendant shall pay directly to plaintiff's attorney 25% of the lump sum set forth in paragraph 1 above and shall pay directly to plaintiff's attorney every fourth check with respect to ongoing weekly compensation after the payment of the lump sum.
4. Defendant shall pay the costs.
This 6th day of December 2000.
 S/__________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/ _______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/ _______________ DIANNE C. SELLERS COMMISSIONER